HENRY PEIRCE & another *vs.* ADDISON RICHARDSON & another.

The provision in the Rev. Sts. *c.* 90, §§ 83, 84, that "when any person shall claim any title or interest, by force of a subsequent attachment, or purchase, or mortgage, *or in any other manner,* in any estate that is attached in a suit between other persons, such claimant may be allowed to dispute the validity and effect of the prior attachment, and may file his petition praying that the prior attachment may be dissolved," does not authorize a person, to whom property was mortgaged before it was so attached, to maintain such a petition.

THIS action, and two others brought by other plaintiffs, were commenced, in the court of common pleas, against the surviving partners of the firm of A. Richardson & Co., and property was attached to secure the demands of the respective plaintiffs. Lewis Richardson petitioned said court that he might be allowed to dispute the validity and effect of the plaintiffs' attachments, on the ground that the sums demanded in their suits were not justly due; and prayed that those attachments might be dissolved. In his petition, he alleged that Addison Richardson, George H. Holbrook and Asa Harding, jr. entered into partnership in 1838, under the firm of A. Richardson & Co.; that in October 1840, said Addison, with the consent of said Holbrook and Harding, sold his interest in said partnership to Moses H. Daniels, and retired from

th : firm; that said Daniels was permitted by said Holbrook and Harding to take said Addison's place, and that they assumed the style of George H. Holbrook & Co.; that, at this time, the liabilities of the firm of A. Richardson & Co. were less than $6000, and their assets more than $9000; that said Holbrook and Harding, in consideration of said Addison's retiring, and his surrendering to them all the assets of said firm, agreed with him to assume and pay all the debts of said firm, and save him harmless from the same; that they immediately took possession of all said assets, and advertised the dissolution of the partnership, and in their advertisements gave notice to all the debtors of said firm to make payment to them, and to all the creditors of the firm to call on them for payment; and that they had appropriated all said assets to their own use: That the claims on which the plaintiffs aforesaid have brought their actions, if any such ever existed, were outstanding debts of A. Richardson & Co. at the time of the dissolution aforesaid, which said Holbrook and Harding agreed to assume and pay, and which said Holbrook, through his agent, John Baker, has paid to said plaintiffs: That the said plaintiffs' suits are feigned and fraudulent, commenced and carried on in their names by said Holbrook, for his own fraudulent purposes, and to defraud the said Addison and his honest creditors out of a large sum of money: That upon the writs in said plaintiffs' suits, the individual personal property of said Addison was attached, to the amount of $1500; which property was, at the time of the attachments, under a mortgage and pledge to the petitioner, and was also in his possession, as security to him of a debt justly due to him from said Addison, for more than its full value, viz. for the sum of $2000, and interest.

The plaintiffs objected that the statements in said petition were not sufficient in law to entitle the petitioner to appear for the purposes therein mentioned, and prayed that the petition might be dismissed. But the court, being of opinion that the statements in said petition were sufficient to bring the petitioner within the provisions of the Rev. Sts. *c.* 90, overruled the

objection, and admitted the petitioner to appear for the purpose of disputing the validity and effect of said attachments. The plaintiffs thereupon filed exceptions.

*G. M. Brown,* for the plaintiffs.

*F. W. Sawyer,* for the petitioner.

WILDE, J. This appears to the court to be a very clear case. The petitioner prays to be allowed to defend this and two other actions in which he is not a party, on the ground that the claims of the plaintiffs are fraudulent; that the sums demanded are not justly due; and that, at the time when the several attachments in said suits were made, the property attached, being personal property, was under a mortgage and pledge to the petitioner, and in his possession, as security, for more than its full value.

On the facts averred, the petitioner's counsel contends, that he has a right, by the Rev. Sts. *c.* 90, § 83, to dispute the validity of said attachments. That section provides, that "when any person shall claim any title or interest, by force of a *subsequent* attachment, or purchase, or mortgage, *or in any other manner,* in any estate, real or personal, that is attached in a suit between other persons, such claimant may be allowed to dispute the validity and effect of the prior attachment, on the ground that the sum demanded in the first suit was not justly due, or that it was not payable when the action was commenced." It seems very clear that no person can be allowed to dissolve an attachment under this section, unless he has some title or interest, " by force of a subsequent attachment, purchase or mortgage, or in any other manner;" for such are the express words of the statute. It was argued for the petitioner, that the words " in any other manner " are not controlled by the previous word, " subsequent," and the following words, " prior attachment." But there appears no reason for such a construction. The object of this evidently was, to enable a party to prevent his title from being intercepted by a fraudulent attachment — which, if not fraudulent would defeat his title — and to give him a summary remedy to defeat the fraudulent attempt; or in case of a suit com-

menced by mistake, to recover a debt before it is payable. But a party who has a *prior* title cannot be defeated by subsequent attachment of the property as the property of the party from whom he had derived his title.   The words " any other manner " were intended to protect a title to property acquired otherwise than by attachment, purchase, or mortgage ;  for instance, by pledge or other lien ; or where real estate descends to an heir, or personal estate goes to an executor.  But in all cases, the petitioner's title must be derived to him subsequently to the attachment sought to be dissolved ; for a subsequent attachment cannot prejudice a previous valid claim.

It was also argued that the petitioner's title may be legal and just as against the debtor, but fraudulent against creditors.   This argument is directly in opposition to the allegations contained in the petition, made under oath.    The petitioner states that his estate is legal in every respect, and that the debt is justly due.  But if it were otherwise, it is clear that he would not be allowed to dispute the claim of another party equally fraudulent.   The rule of law is, that a party, coming into court to enforce a claim, must come with clean hands.   It was so decided in *Alexander* v. *Gould*, 1 Mass. 165, and it is founded on a just principle of public policy.   This, however, is not the present case.   The petitioner expressly denies any fraud or illegality whatever. We are, therefore, clearly of opinion, that this petition cannot be allowed.   The only mode provided, whereby the petitioner could have dissolved the attachment, was under the Rev. Sts. *c.* 90, §§ 78, 79.   He might have demanded of the officer the debt secured to him by the mortgage, and if the same had not been paid or tendered to him within twenty four hours thereafter, the attachment would have been dissolved, and the officer would have been obligated to restore the property to him, and the attaching creditor would have been liable to him for any damages he might have sustained by the attachment.

*Exceptions sustained, and petition dismissed.*